STATE BANK OF HAINES CITY v. W. C. LOCKHART, *et ux.*

162 So. 691.
Division A.
Opinion Filed May 9, 1935.
Petition for Rehearing Denied May 22, 1935.

*George Palmer Garrett,* for Appellant;
*Robert T. Dewell* and *M. S. McGregor,* for Appellees.

PER CURIAM.—The bank brought suit to subject real estate, the title being in the wife, to a judgment obtained against the husband. This appeal is from a decree for the defendants. The claim is that the wife held the title as a resulting trust for her husband.

It appears that the property was in the name of the husband when he and his wife conveyed it to another in June, 1925. Part of the consideration was paid in cash. For the balance of the purchase price notes secured by a mortgage on the property were made to the wife. When this was done the husband owed plaintiff for a loan which was afterwards paid. In 1927 the property was conveyed

to the wife for the return of the mortgage notes. The judgment was obtained against the husband in 1932.

In the final decree the court found "that neither the said gift of the notes and mortgage to the said Alta C. Lockhart, nor the transfer of the title to the land in satisfaction of said notes and mortgage, was or could be a fraud on the rights of the Complainant unless the record should show that the said gift of the said notes and mortgage to the Defendant, Alta C. Lockhart, in June, 1925, was made in actual anticipation of defrauding a future creditor, and it does not seem to the Court that the record would warrant such a finding, and the Court finds that it was not made with the intention of defrauding the Complainant, or any other future creditor."

There is ample evidence to sustain such findings and the resulting decree for the defendants.

Affirmed.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.

## ON PETITION FOR REHEARING.

PER CURIAM.—The bill of complaint alleges that the title to the property is held by the wife "in resulting trust for her husband," and that the husband "caused the fee simple title to said property to be placed in the name of his wife in order to hinder, delay and defraud his existing creditors."

It is prayed that the court "decree that the above described property is subject to the lien of plaintiff's aforesaid judgment and execution; and will find that the said Alta C. Lockhart, wife of W. C. Lockhart, holds the legal title to said property above described in resulting trust for

her husband, W. C. Lockhart, and has no personal, individual or separate property or right therein."

The answer denies and the evidence negatives the allegations as to a resulting trust in the property in favor of the husband. The Court specifically decreed on the evidence that the acquisition of the property by the wife did not defraud the husband's creditors. The court also decreed that the said land is the property of the defendant wife and is not subject to the lien of the judgment of the complainant, which necessarily includes an adjudication on the evidence that the wife did not hold title to the land as a resulting trust for the husband.

Rehearing denied.

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN and DAVIS, J. J., concur.

BUFORD, J., concurs specially.

BUFORD, J. (concurring specially).—It appears to me that the court below confused the principles of law applicable to a resulting trust with the legal principles applicable to a conveyance in fraud of creditors.

In this case, as is shown by the record and stated in the original opinion, the theory of the bill of complaint was that the property involved was held by the wife in trust for the husband and that such trust was of that character which is known in law as resulting trust. As I see it, there could be no such thing as a resulting trust and at the same time a conveyance of title in fraud of creditors, and so the adjudication that the conveyance of title was not in fraud of creditors may be taken as surplusage and when we find from the record that the answer denies and the evidence negatives the existence of a resulting trust in property in favor of the husband, it follows that the disposition of the cause in the court below, being a decree in favor of defend-

ants, was the proper disposition, regardless of the reasons given by the Chancellor.

Therefore, I concur in the order denying rehearing.

ELLIS, P. J., concurs.